■ PHILIP MOLLITOR, JR., et al., Respondents, v. ANNE SMITH et al., Appellants.— In a negligence action by a former infant (Philip Mollitor, Jr.) and his father to recover damages for personal injury, and loss of services, the defendants appeal from an order of the Supreme Court, Nassau County, entered April 23, 1964 after trial, which granted the motion of the former infant plaintiff to set aside as inadequate a jury verdict of $2,000 in his favor and directed a new trial of the issue of damages as to both plaintiffs unless the defendants agreed to increase the amount of said verdict from $2,000 to $5,000 for the plaintiff son. Order modified: (a) by striking out from its second decretal paragraph the conditional direction of a new trial of the issue of damages as to *both* plaintiffs; and (b) by substituting therefor a provision conditionally directing a new trial of the issue of damages as to the plaintiff son, Philip J. Mollitor, Jr., only. As so modified, order affirmed, with costs to plaintiffs. The time of the defendants to consent to the increase in the amount of the son's verdict is extended until 30 days after entry of the order hereon. In default of such consent the plaintiff Philip J. Mollitor, Jr., may apply for a new trial date to the Justice presiding in Trial Term, Part I of the Supreme Court, Nassau County, upon 10 days' written notice to the defendants. In our opinion, the trial court properly granted the plaintiff son's motion to set aside as inadequate the $2,000 verdict in his favor. Since the verdict in favor of the plaintiff father was not set aside, it was error to direct conditionally a new trial of the issue of damages as to both plaintiffs, rather than as to the moving plaintiff only. Beldock, P. J., Brennan, Hill, Rabin and Benjamin, JJ., concur.

■ ANTONINA PASSALACQUA, Respondent, v. COUNTY ESTATES, INC., et al., Appellants.— In a negligence action to recover damages for personal injury, the defendants appeal from an order of the Supreme Court, Westchester County, entered December 22, 1964, which granted conditionally their motion to dismiss the complaint for lack of prosecution. Order reversed, without costs; motion granted unconditionally and complaint dismissed, without costs. Pursuant to CPLR 3216 as amended, defendants duly served upon plaintiff's attorneys a notice demanding that within 45 days plaintiff file a note of issue. Plaintiff failed to comply with such demand. In our opinion, the excuses offered by the plaintiff did not justify the delay in prosecuting the action (*Heller* v. *Josephthal & Co.*, 21 A D 2d 872; *Sortino* v. *Fisher*, 20 A D 2d 25, 29). The inadequacy of those excuses, combined with the failure to submit an affidavit of merits, entitled defendants to an unconditional dismissal of the complaint (*Keating* v. *Smith*, 20 A D 2d 141; *Sortino* v. *Fisher, supra*). Beldock, P. J., Ughetta, Hill, Rabin and Benjamin, JJ., concur.